INDUSTRIAL COM. v. WILLENBORG.

Ohio Appeals, 1st Dist., Hamilton Co.

Charles P. Taft, Pros. Atty., and Augustus Beall, Jr., Cincinnati, for Indust. Com.

Hightower, O'Brien & Porter, Cincinnati, for Willenborg.

HAMILTON, P. J.

**EMPLOYER AND EMPLOYE.**

(250 Ic) Where notice of action by Industrial Commission, denying claimant right to further participate in insurance fund, was first expression to claimant that he could not further participate, and no denial of further participation was pending prior to amendment providing for further participation which became effective after action of commission though before date of injury, claimant had right to apply for rehearing on receipt of notice of discontinuance of participation in fund under amended statute.

(250 Ie) Filing of formal application for rehearing more than 30 days after final action of Industrial Commission, denying claimant right to further participate in insurance fund, would not be within saving provision of rules of commission requiring filing of application within 30 days from date of denial to further participate.

(250 Ic1) Letters by counsel for claimant, written after Industrial Commission's denial of

further participation in insurance fund, calling commission's attention to cutting off of payments, presenting claim for continued incapacity, and asking if something could not be done for claimant, though informal, held sufficient to institute proceedings for rehearing, where commission considered letters and requested formal application subsequently filed.

**APPEAL.**

(30 I) Where letters by counsel for claimant seeking relief for claimant after denial of further participation in insurance fund were sufficient to institute proceeding for rehearing, and commission authorized filing of formal application for rehearing thereafter, denial of rehearing on filing of formal application constituted final action by commission, and appeal from such action of commission, filed within 30 days after such denial, was within jurisdiction of court of common pleas.

**EMPLOYER AND EMPLOYE.**

(250 W3) On appeal from action of Industrial Commission denying claimant right to further participate in insurance fund, trial court erred in not taking payments made into consideration in making permanent award, where evidence did not show temporary allowance, and hence such payments should be deducted from permanent award.

(Mills and Cushing, JJ., concur.)

HISTORY:—Willenborg appealed from action of Indust. Com. denying further participation in fund. Common Pleas gave judgment for Willenborg. Commission brings error. Modified and affirmed. Motion to certify overruled by Supreme Court.

For reference to full opinion, see Omnibus Index, last page, this issue.